

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-51,197-03

**EX PARTE JAMES AARON DYSON, Applicant**

### ON APPLICATION FOR WRIT OF HABEAS CORPUS
### CAUSE NO. C-4-W011479-0657742-C
### IN THE CRIMINAL DISTRICT COURT NO. 4 FROM TARRANT COUNTY

*Per curiam.*

### O R D E R

Applicant was convicted of engaging in organized criminal activity with a deadly weapon and was sentenced to 50 years' imprisonment. The Second Court of Appeals affirmed his conviction. *Dyson v. State*, No. 02-98-096-CR (Tex. App.—Fort Worth, Sept. 16, 1999) (not designated for publication). Applicant filed this application for writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

This Court dismissed this application as subsequent on June 5, 2019. TEX. R. APP. P. 73.1(d). The Court has since received a suggestion to reconsider. We now withdraw our order of

June 5, 2019, and reconsider this application on our own motion. TEX. R. APP. P. 79.2(d).

A defendant is entitled to relief on a false-evidence claim if he proves that (1) the complained-of evidence was false and that (2) the false evidence was material to his conviction. *Ex parte Weinstein,* 421 S.W.3d 656, 665 (Tex. Crim. App. 2014). Whether evidence is false turns on whether the jury was left with a misleading or false impression after considering the evidence in its entirety. *Id.* at 665-66. False evidence is material when "there is a 'reasonable likelihood' that [the false evidence] affected the judgment of the jury." *Ex parte Chaney,* 563 S.W.3d 239, 263-64 (Tex. Crim. App. 2018) (quoting *Weinstein,* 421 S.W.3d at 665). Falsity is a factual inquiry, and we review the court's findings under a deferential standard. *Id.* at 263. Materiality is a legal question that we review de novo. *Id.*

We remand this application to Criminal District Court No. 4, of Tarrant County, to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall determine whether Aguirre's affidavit is a previously unavailable factual basis within the meaning of Article 11.07, § 4(a)(1). The court shall also determine whether, but for Aguirre's misleading testimony, Applicant would not have been convicted of engaging in organized crime. TEX. CODE CRIM. PROC. art. 11.07, § 4(a)(2). In developing the record, the trial court may use any means set out in Article 11.07, § 3(d).

It appears that Applicant is represented by counsel. However, if the trial court elects to hold a hearing, it shall determine whether Applicant is represented by counsel. If Applicant is not represented by counsel, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or

retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's habeas application is barred as subsequent under Article 11.07, § 4. If the court determines that this application is not barred as subsequent, then it shall address Applicant's false-testimony allegation on the merits. The trial court may make any other findings and conclusions that it deems relevant and appropriate to the disposition of the application.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: February 3, 2021
Do not publish